**SMITH KRIVOSHEY, PC**
Yeremey O. Krivoshey (SBN 295032)
166 Geary Str STE 1500-1507
San Francisco, CA 94108
Telephone: 415-839-7077
Facsimile: (888) 410-0415
E-Mail: yeremey@skclassactions.com

**SMITH KRIVOSHEY, PC**
Joel D. Smith (SBN 244902)
867 Boylston Street 5th Floor #1520
Boston, MA 02116
Telephone: 617-377-4704
Facsimile: (888) 410-0415
E-Mail: joel@skclassactions.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELANIE KOTLARSZ, on behalf of herself and all others similarly situated,<br><br>　　　　　　Plaintiff,<br>　v.<br>INTEGRITY VEHICLE SERVICES, INC.,<br><br>　　　　　　Defendant. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

CLASS ACTION COMPLAINT; JURY TRIAL DEMANDED

Plaintiff Melanie Kotlarsz ("Plaintiff"), individually and on behalf of all others similarly situated, alleges the following on the investigation of her counsel and upon information and belief, except as to Plaintiff's allegations regarding her own actions which are based on personal knowledge. Plaintiffs brings this action regarding Defendant's violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA"). Plaintiff brings this Complaint to stop Defendant's practices of calling persons listed on the National Do Not Call Registry. Plaintiff also seeks to obtain redress for all persons injured by Defendant's conduct.

## PARTIES

1. Plaintiff Melanie Kotlarsz is a citizen of the State of North Carolina and resides in Winston Salem.

2. Defendant Integrity Vehicle Services, Inc is a California corporation with its principal address located at 3505 Cadillac Ave, Bldg. O, Suite 105, Costa Mesa, CA 92626. Defendant conducts substantial business throughout the United States and in the State of California.

## JURISDICTION AND VENUE

3. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves violations of a federal statute, the TCPA.

4. The Court has personal jurisdiction over Defendant because Defendant resides in this State.

5. Venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant resides in this District.

## FACTS COMMON TO ALL CAUSES OF ACTION

6. Plaintiff's residential phone number has been registered with the National Do-Not-Call Registry since August 21, 2004.

7. Plaintiff was the subscriber who registered her residential phone number on the National Do-Not-Call Registry.

8. Defendant is in the business of selling vehicle service contracts or warranties. Defendant's website can be found at integrityautowarranty.com. Defendant solicits potential customers through telemarketing, and may at times employ third parties to contact potential customers on its behalf.

9. Defendant and/or one of Defendant's agents called Plaintiff on her cellular telephone many times over the past year, including two calls on January 10, 2024 and January 11, 2024. Plaintiff repeatedly asked Defendant on these calls to stop calling her, but the calls persisted, often two or three times per day.

10. Defendant and/or one of Defendant's agents placed these calls without Plaintiff's consent.

11. When Plaintiff picked up the January 10, 2024 call, a female sales representative first appeared on the phone and stated that she was calling about an auto warranty regarding Plaintiff's Nissan. Because Defendant had been calling her many times at that point, Plaintiff feigned interest in the call to try to gather the identity of the entity that was calling her. When Plaintiff expressed interest in proceeding with the call, the female representative transferred Plaintiff to another sales representative that identified himself as "Frank." Upon transfer, "Frank" immediately started pitching the sale of an auto warranty to Plaintiff, and proceeded to ask questions like the mileage, year, make, model, condition, and accident history for Plaintiff's car. Towards the end of the call, Plaintiff stated that she did not want to provide any more information until the representative told her who he worked for, and at that point the representative stated that he was with "Integrity out of California."

12. Once Defendant's representative identified that he worked for Defendant, Plaintiff stated that she was on the federal DNC registry and asked for Defendant to not call her again.

13.     The next day, on January 11, 2024, Defendant again called Plaintiff's residential telephone trying to sell her an auto warranty.  Again, the initial operator transferred her to one of Defendant's sales representatives.  Plaintiff asked the sales representatives to identify their website and email her a link.  That same day, Defendant texted a link from the telephone number (951) 349-7053 to its website to Plaintiff's residential cellular telephone number.  The entirety of the text stated was a link to Defendant's website: https://www.integrityautowarranty.com.

14.     On Defendant's website, it states that "Integrity Vehicle Protection is the vehicle service contract company you can turn to for all your auto protection."  Defendant offers varying levels of extended warranty contracts on its website.  The "Terms and Conditions" on Defendant's website identify it by name: Integrity Vehicle Services, Inc.

15.     The purpose of all calls Defendant made to Plaintiff's residential telephone number was to solicit auto warranty business.

16.     Plaintiff pleads direct liability against Defendant for initiating the calls because Defendant identified itself as the entity making the calls, and its sales representatives stated that they worked for Defendant.  In the alternative, if the call was not made directly by Defendant, Plaintiff pleads that Defendant is vicariously liable for the conduct of its agents.  The agents making the calls at issue held themselves out as persons authorized to market Defendant's services, and identified themselves as Defendant's employees.  At a minimum, Defendant's employees accepted transfers from a third party that was marketing and soliciting war warranty services on behalf of Defendant.  A reasonable person would understand the third party initiating the calls would be doing so at the direction and with the authority of Defendant.  By accepting call transfer from the third party and continuing to solicit car warranties on the calls, Defendant was ratifying the conduct made on its behalf.

17. Prior to the calls at issue in this action, Plaintiff had not had any contact with Defendant nor used any of Defendant's services. She had no transaction nor submitted any inquiry to Defendant within the eighteen (18) months preceding the calls at issue in this Complaint. She has never consented in writing, or otherwise, to receive telemarketing calls from Defendant. Moreover, Plaintiff has no interest in purchasing a new auto warranty. She has had the same car insurance for many years many years and has no interest in switching. She has not searched for any car insurance quotes in the past few years.

18. Defendant knowingly made (and continues to make) unsolicited telemarketing calls to the telephones of Plaintiff and other consumers without the prior express written consent of the call recipients.

19. In making these calls, Defendant not only invaded the personal privacy of Plaintiff and members of the putative Class, but also intentionally and repeatedly violated the TCPA. Such calls are also harassing and a nuisance for Plaintiff and putative class members.

## CLASS ACTION ALLEGATIONS

20. Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23, on behalf of herself and on behalf of the following Class:

> All persons in the United States whose numbers are listed on the national do-not-call registry, and received two or more telemarketing calls within any 12-month period from Defendant or its agents to their residential telephone number 31 or more days after the telephone number was listed on the national do-not-call registry at any time in the period that begins four years before the filing of the complaint in this action to the date that class notice is disseminated (the "Class Period").

21. Subject to additional information obtained through further investigation and discovery, the foregoing definition of the Class may be expanded or narrowed by amendment to the complaint or narrowed at class certification.

22. Plaintiff represents, and is a member of, the proposed Class. Excluded from the Class is Defendant and any entities in which Defendant has a controlling interest, Defendant's agents and employees, any person who made a transaction with Defendant in the preceding 18 months before receiving a telemarketing call, any person who has executed a signed, written agreement between the person and Defendant which states that the person agrees to be contacted by Defendant and includes the telephone number to which the calls may be placed, any Judge and/or Magistrate Judge to whom this action is assigned, and any member of such Judges' staffs and immediate families.

23. **Numerosity.** Plaintiff does not know the exact number of members in the proposed Class, but reasonably believes, based on the scale of Defendant's business, that the Class is so numerous that individual joinder would be impracticable.

24. **Typicality.** Plaintiff asserts claims that are typical of each member of the Class because they are all persons who received telemarketing calls on their telephones without their prior express written consent. Plaintiff will fairly and adequately represent and protect the interests of the proposed class and has no interests which are antagonistic to any member of the proposed class.

25. **Existence and predominance of common questions of law and fact.** Plaintiff and all members of the proposed Class have been harmed by the acts of Defendant in the form of multiple involuntary telephone and electrical charges, the aggravation, nuisance, and invasion of privacy that necessarily accompanies the receipt of unsolicited and harassing telephone calls, and violations of their statutory rights.

26. The disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

27. The proposed Class can be identified easily through records maintained by Defendant.

28. There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact involving the class claims predominate over questions which may affect individual members of the proposed class. Those common question of law and fact include, but are not limited to, the following:

    a. Whether Defendant made telephone calls to Plaintiff and class members without their prior express consent;

    b. Whether Defendant's conduct was knowing and/or willful;

    c. Whether Defendant is liable for damages, and the amount of such damages; and

    d. Whether Defendant should be enjoined from engaging in such conduct in the future.

29. **Adequacy of Representation.** Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff has retained counsel who are highly experienced in complex consumer class action litigation, and Plaintiff intends to vigorously prosecute this action on behalf of the Class. Plaintiff has no interests that are antagonistic to those of the Class.

30. **Superiority.** A class action is superior to all other available means for the fair and efficient adjudication of this controversy. The damages or other financial detriment suffered by members of the Class is relatively small compared to the burden and expense of individual litigation of their claims against Defendant. It would, thus, be virtually impossible for members of the Class, on an individual basis, to obtain effective redress for the wrongs committed against them. Furthermore,

even if members of the Class could afford such individualized litigation, the court system could not.  Individualized litigation would create the danger of inconsistent or contradictory judgments arising from the same set of facts. Individualized litigation would also increase the delay and expense to all parties and the court system from the issues raised by this action.  By contrast, the class action device provides the benefits of adjudication of these issues in a single proceeding, economies of scale, and comprehensive supervision by a single court, and presents no unusual management difficulties under the circumstances.

31. In the alternative, the Class may also be certified because:

(a) the prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudication with respect to individual members of the Class that would establish incompatible standards of conduct for the Defendant;

(b) the prosecution of separate actions by individual members of the Class would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of other members of the Class not parties to the adjudications, or substantially impair or impede their ability to protect their interests; and/or

(c) Defendant have acted or refused to act on grounds generally applicable to the Class as a whole, thereby making appropriate final declaratory and/or injunctive relief with respect to the members of the Class as a whole.

## CAUSES OF ACTION

### COUNT I
### KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, et seq.

32. Plaintiff incorporates by reference paragraphs one (1) through thirty-one (31) of this Complaint as if fully stated herein.  Plaintiff brings this claim individually and on behalf of the Class against Defendant.

33. The foregoing acts and omissions of Defendant and/or its agents constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 *et seq*.

34. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and members of the proposed Class are entitled to treble damages of up to $1,500.00 for each and every call made in violation of the statute, pursuant to 47 U.S.C. § 227(c)(5).

35. Plaintiff and members of the proposed Class are also entitled to and do seek injunctive relief prohibiting such conduct violating the TCPA by Defendant in the future.

36. Plaintiff and members of the proposed Class are also entitled to an award of attorneys' fees and costs.

## COUNT II
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, *et seq.*

37. Plaintiff incorporates by reference paragraphs one (1) through thirty-one (31) of this Complaint as if fully stated herein. Plaintiff brings this claim individually and on behalf of the Class against Defendant.

38. The foregoing acts and omissions of Defendant and/or its agents constitute numerous and multiple violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 *et seq*.

39. As a result of Defendant's violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and members of the proposed Class are entitled to an award of $500.00 in statutory damages for each and every call made in violation of the statute, pursuant to 47 U.S.C. § 227(c)(5)).

40. Plaintiff and members of the proposed Class are also entitled to, and do, seek injunctive relief prohibiting such conduct violating the TCPA by Defendant in the future.

41. Plaintiff and members of the proposed Class are also entitled to an award of attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests, individually and on behalf of the alleged Class, that the Court enter judgment in their favor and against Defendant as follows:

(a) An Order certifying the proposed Class and appointing Plaintiff and her Counsel to represent the Class;

(b) Injunctive relief prohibiting such violations of the TCPA by Defendant in the future;

(c) As a result of Defendant's willful and/or knowing violations of the TCPA, Plaintiff seeks for herself and each member of the proposed Class treble damages, as provided by statute, of up to $1,500.00 for each and every call that violated the TCPA;

(d) As a result of Defendant's violations of the TCPA, Plaintiff seeks for herself and each member of the proposed Class $500.00 in statutory damages for each and every call that violated the TCPA;

(e) An award of reasonable attorneys' fees costs and litigation expenses, as allowable by law;

(f) Interest on all amounts awarded, as allowed by law; and

(g) Such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable as of right.

| | |
|---|---|
| Dated: March 18, 2024 | Respectfully Submitted,<br><br>**SMITH KRIVOSHEY, PC**<br><br>By: _/s/ Yeremey Krivoshey_<br>　　　　Yeremey Krivoshey<br><br>Yeremey O. Krivoshey (SBN 295032)<br>166 Geary Str STE 1500-1507<br>San Francisco, CA 94108<br>Telephone: 415-839-7077<br>Facsimile: (888) 410-0415<br>E-Mail: yeremey@skclassactions.com<br><br>**SMITH KRIVOSHEY, PC**<br>Joel D. Smith (SBN 244902)<br>867 Boylston Street 5th Floor #1520<br>Boston, MA 02116<br>Telephone: 617-377-4704<br>Facsimile: (888) 410-0415<br>E-Mail: joel@skclassactions.com<br><br>*Attorneys for Plaintiff* |